BENJAMIN R. STEIN and Another, Doing Business under the Firm Name and Style of B. R. STEIN & BROS., Respondents, v. FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

First Department, January 9, 1925.

Insurance — burglary insurance — action on policy — complaint alleged terms of policy — answer admitted issuing of policy but alleged that all terms were not set out in complaint — plaintiff cannot recover without producing policy or establishing its provision if policy is lost.

The insured in a policy of burglary insurance cannot recover in an action on the policy unless he introduces the policy in evidence or, in case it is lost, establishes the provision thereof upon which liability is asserted, where, though the complaint alleges the issuance of the policy and the terms thereof, the answer, while admitting the issuance of the policy, alleges that the complaint does not set forth the terms in full and demands that the original policy of insurance be produced.

APPEAL by the defendant, Fidelity and Deposit Company of Maryland, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 31st day of October, 1923, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 13th day of November, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Prince & Loeb [Sidney J. Loeb* of counsel; *Leon M. Prince* with him on the brief], for the appellant.

*Campbell & Miners [Judson D. Campbell* of counsel], for the respondents.

MARTIN, J.:

This action is brought by the plaintiffs to recover on a policy of burglary insurance alleged to have been issued by the defendant to the Dress Contract Manufacturers Association, Inc., for plaintiffs' benefit and to cover their property.

The appellant contends that the policy or contract of insurance was not proved upon the trial and that there was nothing before the court to establish any liability on the part of defendant; that if a policy or contract of insurance is to be assumed, the uncon-

tradicted evidence shows the action was not brought within the time limitation provided for therein; and that as to such limitation defendant failed to establish waiver or estoppel.

Plaintiffs contend that it was unnecessary to offer the policy of insurance in evidence, for the reason that the answer admitted the allegations of the complaint setting forth the policy and the provisions thereof which established defendant's liability.

The allegations of the complaint referred to are as follows:

" *Third.* That in and by its policy of insurance No. 148916 dated the 27th day of May, 1919, duly executed and delivered to the Dress Contract Manufacturers Association, Inc., a New York membership corporation of which plaintiffs were members, the defendant in consideration of the payment to it of a premium of $37.08, insured plaintiffs against loss or damage by burglary in the amount of one thousand ($1,000) dollars, from August 18th, 1919 to May 27th, 1920, the date of termination of said policy, and therein agreed to pay to the plaintiffs all loss or damage to silks, satins, and the like merchandise, which plaintiffs might suffer by reason of the said goods being feloniously abstracted from the interior of the aforesaid premises by any person or persons who made forcible and violent entry into said premises or exit therefrom, of which force and violence there shall be visible evidence, not exceeding the sum of ($1,000) and which loss or damage should happen between said August 18th, 1919 and May 27th, 1920, and it was further provided in said policy, that any such loss should be paid immediately upon the giving of proof as required by the contract of insurance."

The amended answer admits a part only of the 3d paragraph of the complaint. The admission is set forth in language that does not admit the allegations of the complaint with reference to the provisions of the policy.

Paragraph " second " of the amended answer reads: " Admits that it executed and delivered its policy of insurance, No. 148916 in the amount of $1,000 dated on or about the 27th day of May, 1920, in consideration of the payment to it of the premium, but denies that all of the terms of said policy of insurance are set forth in paragraph of the complaint marked ' Third ' and the defendant hereby refers to the original policy of insurance, the original of which, upon information and belief, is in the possession of the plaintiff, and the production of which the defendant demands upon the trial of this action, and the defendant denies that it insured the plaintiffs excepting upon the terms and conditions more particularly set forth in said policy of insurance and except as specifically admitted herein, defendant denies each and every of the

other allegations contained in paragraph of the complaint marked ' third.' ' '

The concluding sentence of the said paragraph of the answer is a qualified denial: " and except as specifically admitted herein, defendant denies each and every of the other allegations contained in paragraph of the complaint marked ' Third.' " An analysis of the part of the answer quoted above shows it merely admits that the defendant did execute and deliver policy No. 148916, whatever it may contain, in the sum of $1,000 dated on or about the 27th day of May, 1920, in consideration of the payment to it of the premium. Defendant denies that the complaint states the contract.

The plaintiff submitted evidence to prove that the policy was lost, but failed to establish the provisions of the lost policy upon which liability is asserted. From an examination of the record before us it is impossible to ascertain whether the limitation on liability referred to above, which the defendant pleads, was contained in the policy or is applicable to this case; for no policy was placed in evidence nor were its provisions proved by the plaintiff or any other witness.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, FINCH and MCAVOY, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.